UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CLARENCE E. SPIVEY                    :
                                     :
        v.                           :       C.A. No. 16-070S
                                     :
A.T. WALL                            :


**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge


On February 17, 2016, pro se Petitioner Clarence E. Spivey filed his Petition for Writ of

Habeas Corpus pursuant to 28 U.S.C. § 2254.  (Document No. 1).  Respondent, State of Rhode

Island, filed a Motion to Dismiss the Petition.  (Document No. 7).  The Motion to Dismiss was

referred to me for preliminary review, findings, and recommended disposition pursuant to 28 U.S.C.

§ 636(b)(1)(B) and LR Cv 72.  After reviewing the Motion and Petition, I recommend that the

Motion to Dismiss (Document No. 7) be GRANTED and that the Petition (Document No. 1) be

DISMISSED.

        **Background**

        Petitioner is a prolific litigant, having filed seven previous habeas petitions in the present

court and many more in the state courts in Rhode Island.  (Document No. 7 at 2).  Presently,

Petitioner is incarcerated at the Rhode Island Adult Correctional Institutions and serving a fifty-five

year sentence.  His present Petition, like his 2012 Petition, Spivey v. State of Rhode Island, C.A. No.

12-033S, 2012 WL 3789444 (D.R.I. June 29, 2012) both concern his assertion that he was denied

good time credits and is being held beyond the expiration of his sentence.  Specifically, his present

Petition sets forth one Ground in its support, "Expiration of sentence, beyond good time eligibility

date pursuant to R.I. Gen. Laws § 13-2-44."  Id. at 5.  In support of this Ground, Petitioner states

"[u]pon becoming sentenced by the State Court, I was eligible for some good time towards the completion of my sentence.  That time frame has passed, and without a hearing as to why I am still in prison, I believe I am entitled to redress in this matter."  Id.  He states that he presented the same ground in a state post-conviction proceeding, PM 2015-2939, which was dismissed. Believing he could not appeal the dismissal of his state court post-conviction relief action, he "move[d] to [the] next higher court" with the present filing.  Id.

### Discussion

The claim presented in this present Petition concerns the calculation of Petitioner's good time eligibility.  In 2012, Petitioner brought the same claims before this Court in Spivey v. Wall, C.A. No. 12-033S.  In that case, the Court noted that, "[a]lthough Spivey identifies four grounds for relief in his Petition, they all relate to a change the Rhode Island Department of Corrections made to the way it awarded credit for "good time."  2012 WL 3789444 at *1.  Further, the Court noted the "several previous habeas petitions" filed by Spivey in this Court, but determined that his 2012 Petition, unlike his previous petitions, was "concerned only with good time credit and not with his underlying conviction."  Id. at 11, n.3.

In the Motion to Dismiss filed in the present case, the State argues that the Petitioner's attempt to relitigate the issue of his eligibility for good time credit render this Petition barred because it is an  improper "second or successive habeas corpus application under section 2254" pursuant to 28 U.S.C. § 2244(b)(1).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides, without exception, that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior [federal] application shall be dismissed."  28 U.S.C. §

2244(b)(1). (emphasis added). A second or successive habeas corpus application is one filed after a previous application by the same petitioner has been adjudicated on the merits. <u>Dickinson v. Maine</u>, 101 F.3d 791 (1st Cir. 1996). The AEDPA provides that before a "second or successive application" for habeas corpus relief is filed in the District Court, the applicant must obtain an order from the Court of Appeals authorizing the District Court to consider such application. 28 U.S.C. § 2244(b)(3)(A). "This provision allocates subject matter jurisdiction to the court of appeals by stripping the district court of jurisdiction over a successive or second habeas petition unless <u>and</u> until the court of appeals has decreed that it may go forward." <u>LeBlanc v. Wall</u>, C.A. No. 05-294ML, 2005 WL 2972991 at *1 (D.R.I. Oct. 19, 2005) (emphasis in original) (<u>citing</u> <u>Pratt v. United States</u>, 129 F.3d 54, 55-57 (1st Cir. 1997)).

Upon review of the present Petition, and his 2012 Petition, the Court finds that the instant Petition constitutes a second or successive petition which this Court does not have jurisdiction to consider, absent authorization from the Court of Appeals. 28 U.S.C. 2244(b)(3)(A); <u>See</u> <u>also</u> Rule 9 of the Rules Governing § 2254 cases. Because Petitioner has not obtained the necessary authorization from the Court of Appeals before filing the instant Petition, this Court may not rule on it. Accordingly, I recommend that this action be dismissed pursuant to 28 U.S.C. § 2244(b)(1) as an improper "second or successive" petition.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. <u>See</u> Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. <u>See</u> <u>United States v.</u>

Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


  /s/   Lincoln D. Almond          
LINCOLN D. ALMOND
United States Magistrate Judge
May 13, 2016